UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present: Judges O'Brien, Malveaux and Raphael

CHRISTOPHER THOMAS TINSLEY

MEMORANDUM OPINION*

v.      Record No. 2184-23-2                                    PER CURIAM
                                                              NOVEMBER 6, 2024

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF NEW KENT COUNTY
B. Elliott Bondurant, Judge

(Sharif L. Gray; Blackburn, Conte, Schilling & Click, P.C., on brief),
for appellant.

(Jason S. Miyares, Attorney General; William K. Hamilton, Assistant
Attorney General, on brief), for appellee.

Christopher Thomas Tinsley entered conditional guilty pleas to two counts of forcible

sodomy, two counts of object sexual penetration, carnal knowledge of a child between 13 and 14

years old, and rape. The court sentenced him to a total of 260 years' incarceration with 240

years suspended. On appeal, Tinsley argues that the court erred by denying his motion to

exclude audio recordings as inadmissible under Code § 19.2-65. After examining the briefs and

record, the panel unanimously holds that oral argument is unnecessary because "the appeal is

wholly without merit." Code § 17.1-403(ii)(a); Rule 5A:27(a).

BACKGROUND

"[W]e recite the evidence below 'in the "light most favorable" to the Commonwealth, the

prevailing party in the trial court.'" *Hammer v. Commonwealth*, 74 Va. App. 225, 231 (2022)

(quoting *Commonwealth v. Cady*, 300 Va. 325, 329 (2021)). This standard "requires us to

---

* This opinion is not designated for publication. *See* Code § 17.1-413(A).

'discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences to be drawn therefrom.'" *Cady*, 300 Va. at 329 (quoting *Commonwealth v. Perkins*, 295 Va. 323, 324 (2018)).

In January 2023, a grand jury indicted Tinsley for several felonies relating to his sexual abuse of his stepdaughter. During discovery, the Commonwealth disclosed audio recordings of Tinsley made while he was in his bedroom. Tinsley moved to exclude the recordings from evidence because they had been obtained in violation of the Commonwealth's Wiretap Act. His motion included a portion of a police report that referred to "an audio recording" from "June 29, 2022." According to the police report, Tinsley's wife had been "using a micro-recorder due to recent marital problems" and had "mov[ed] the recorder around to different locations in their bedroom." She played the recording for a police officer, who "heard what sounded like sexual intercourse and other sexual acts." Tinsley's wife "identified the female voice on the recording as her daughter, . . . and the male voice" as Tinsley.

Tinsley argued that the recordings violated Code § 19.2-62 because Tinsley's wife was not a party to the interaction. Although the police report and Tinsley's motion only identified one recording, Tinsley requested the exclusion of "multiple illegal recordings" based on Code § 19.2-65.

At a hearing on the motion, Tinsley stated that there was no "factual dispute" and his "only evidence" was the "snippet of the police report" he had reproduced in his motion. Tinsley did not present any recordings or transcripts of recordings to the court. During argument, Tinsley stated that he was "praying in his bedroom by himself" in one recording and was "speaking with" his stepdaughter in another. Tinsley asserted that the recordings contained "oral communication[s]" that were inadmissible as "evidence in any trial, hearing, or other proceeding in or before any court" under Code § 19.2-65. He contended that the recordings met Code § 19.2-61's definition of "oral

- 2 -

communication" because they were "uttered by a person exhibiting an expectation that such communication was not subject to interception under circumstances justifying . . . such expectations." He maintained that whether he had a "reasonable expectation" of privacy in the conversations was not the governing analytical standard; under Code § 19.2-61, the question was whether he had an "expectation of noninterception," which he did in his bedroom.

The court emphasized that it had not "heard *the* recording" but asked Tinsley whether "sounds[,] as if someone was having sexual intercourse," were "oral communication" under Code § 19.2-61. (Emphasis added). Tinsley described the question as "interesting" but merely answered that he "could see the argument that a sound is not necessarily a communication." He stated that the recordings contained "words"[1] but conceded that he did not "know . . . whether a sound would constitute an oral communication."

The court denied the motion. First, it found that Tinsley did not have "a reasonable expectation of privacy . . . in a room that [he] share[d] with" his wife. Second, while reiterating that it had not "heard the tape," the court held that a "sound" was not an "oral communication" subject to exclusion under Code § 19.2-61. The court explicitly based its ruling on "what [Tinsley] filed."

After the ruling, Tinsley filed a "supplement" to his motion, arguing that (1) the "reasonable expectation of privacy" test did not apply, (2) there was no evidence about whether he shared the bedroom with his wife and, in fact, he would testify that he did not because of the parties' "marital issues," and (3) other states' wiretapping statutes did not "contain interspousal exceptions" permitting admission of wiretap evidence. The supplement did not directly ask the court to reconsider its ruling and did not include any recordings. Rather, it merely identified the issues

---

[1] Tinsley suggested that the Commonwealth would "stipulate" that "there are words in these recordings"; the Commonwealth did not respond.

"should either [the trial court or the Commonwealth] wish to take [them] up . . . prior to the plea." The record does not contain any ruling by the court concerning the supplement.

Tinsley entered conditional guilty pleas under a written plea agreement, preserving his right to appeal the court's denial of his motion. On appeal, he argues that the court erred because the Wiretap Act makes it a felony to record an oral communication unless one party to the communication consents. Absent such consent, the contents of a recording cannot be admitted as evidence. He contends that the court incorrectly invoked the "reasonable expectation of privacy" test to determine whether the recordings contained "oral communications"; instead, the court should have applied Code § 19.2-61, which required the court to consider only whether he had a reasonable expectation that his communication was not subject to interception. He also maintains that he reasonably expected his communications in his bedroom would not be intercepted irrespective of whether he shared the bedroom with his wife. Regardless, he asserts that "the extent of how [he] shared the bedroom . . . with his spouse was not in evidence" and he "would have testified that, because of marital issues, his [wife] often slept in a trailer and that their bedroom was not shared to the extent one might assume of a married couple." Finally, Tinsley relies on other jurisdictions' wiretapping statutes, such as Florida, Georgia, Maryland, and Louisiana, which do not "contain interspousal exceptions" allowing admission of wiretap evidence.

## ANALYSIS

Generally, "[w]e review a trial court's decision to admit or exclude evidence" for an abuse of discretion. *Kenner v. Commonwealth*, 299 Va. 414, 423 (2021) (quoting *Avent v. Commonwealth*, 279 Va. 175, 197 (2010)). "In evaluating whether a trial court abused its discretion, . . . 'we do not substitute our judgment for that of the trial court. Rather, we consider only whether the record fairly supports the trial court's action.'" *Carter v. Commonwealth*, 293 Va. 537, 543 (2017) (alteration in original) (quoting *Grattan v. Commonwealth*, 278 Va. 602,

- 4 -

620 (2009)).  To the extent Tinsley's argument "requires 'statutory interpretation, it is a question of law reviewed de novo on appeal.'"  *Ragland v. Commonwealth*, 67 Va. App. 519, 530 (2017) (quoting *Grimes v. Commonwealth*, 288 Va. 314, 318 (2014)).

"[A]ny person who . . . [i]ntentionally intercepts . . . any wire, electronic or oral communication . . . shall be guilty of a Class 6 felony."  Code § 19.2-62(A)(1), (4).  "'Intercept' means any . . . means of acquisition of the contents of any wire, electronic or oral communication through the use of any electronic, mechanical or other device."  Code § 19.2-61.  "'Oral communication' means any oral communication uttered by a person exhibiting an expectation that such communication is not subject to interception under circumstances justifying such expectations but does not include any electronic communication."  *Id.* "Whenever any . . . oral communication has been intercepted, no part of the contents of such communication and no evidence derived therefrom may be received in evidence in any trial, hearing or other proceeding . . . if the disclosure of that information would be in violation of [the Wiretap Act]."  Code § 19.2-65.

The Supreme Court has held that "an oral communication is not protected" by the Wiretap Act "unless (1) the speaker exhibits the expectation that his conversation will not be intercepted, *and* (2) the circumstances justify the expectation of noninterception."  *Wilks v. Commonwealth*, 217 Va. 885, 888 (1977).  Noting that Code § 19.2-61's language "'tracks' the Fourth Amendment concept of right to privacy," the Supreme Court ruled in *Wilks* that whether a person has a "justifiable expectation of noninterception" under the statute is "*equivalent* to the constitutional expectation of privacy."  *Id.* at 889 (emphasis added) (quoting *United States v. Pui Kan Lam*, 483 F.2d 1202, 1206 (2d Cir. 1973)).  Thus, if a "particular conversation was held" in a setting where the speaker did not have a constitutionally protected expectation of privacy, the conversation is not an "oral communication" under the Wiretap Act.  *Id.*  Accordingly, notwithstanding

Tinsley's argument, the trial court properly ruled on his motion to exclude by considering whether he had a reasonable constitutionally protected expectation of privacy.[2]

Tinsley asserts that there is a distinction between (1) "a 'reasonable expectation of privacy' test" under the constitution, and (2) the "expectation of noninterception" test provided by Code § 19.2-61. He argues that the court incorrectly applied the constitutional standard and that under the correct, statutory test, he had a justifiable expectation that his communications were "not subject to interception" because he was "in his bedroom, a private area." Tinsley disavows the constitutional expectation of privacy standard and presents no argument under that standard. Indeed, he cites no authority detailing the scope and protections of such constitutional protections in the context of this case. But it is well-established that "[i]t is not the role of the courts, trial or appellate, to research or construct a litigant's case or arguments for him or her, and where a party fails to develop an argument in support of his or her contention or merely constructs a skeletal argument, the issue is waived." *Bartley v. Commonwealth*, 67 Va. App. 740, 746 (2017) (alteration in original) (quoting *Sneed v. Bd. of Prof'l Resp. of the Sup. Ct. of Tenn.*, 301 S.W.3d 603, 615 (Tenn. 2010)). To the contrary, if an appellant believes "that the trial court erred, Rule 5A:20(e) require[s] him 'to present that error to us with legal authority to support [his] contention.'" *Id.* (second alteration in original) (quoting *Fadness v. Fadness*, 52

---

[2] Although the General Assembly has amended the Wiretap Act since the Supreme Court's opinion in *Wilks*, those amendments did not address the Supreme Court's interpretation equating an "expectation of noninterception" with a "constitutionally protected expectation of privacy." 1988 Va. Acts ch. 889; 2002 Va. Acts ch. 588; 2005 Va. Acts ch. 934. "The General Assembly is presumed to be familiar with [the Supreme Court's] cases." *Cygnus Newport-Phase 1B, LLC v. City of Portsmouth*, 292 Va. 573, 582 (2016) (citing *Waterman v. Halverson*, 261 Va. 203, 207 (2001)). Moreover, the General Assembly's "inaction . . . despite awareness of the [Supreme] Court's interpretation of a statute 'is not only acquiescence but approval' of that interpretation." *Id.* (quoting *Manchester Oaks Homeowners Ass'n v. Batt*, 284 Va. 409, 428 (2012)). To the extent Tinsley asks this Court to ignore *Wilks* by applying a different analytical standard, we cannot do so as "'we are bound by decisions of the Supreme Court of Virginia and are without authority to overrule' them." *Vay v. Commonwealth*, 67 Va. App. 236, 258 n.6 (2017) (quoting *Roane v. Roane*, 12 Va. App. 989, 993 (1991)).

Va. App. 833, 851 (2008)).  Tinsley did not do so.  Thus, any argument that he had a constitutional expectation of privacy is waived.[3]

Further, we do not consider whether the "sounds" on the recordings were "oral communications" under Code § 19.2-61 because Tinsley did not present such an argument to the trial court.  Indeed, when the court raised the issue, Tinsley took no position and instead commented merely that he "could see the argument that a sound is not necessarily a communication."  Thus, he may not argue on appeal that the sounds on the recordings were oral communications.  Rule 5A:18.

Nor do we consider whether the court should have excluded any recording of Tinsley allegedly praying in his bedroom because the court did not rule on that issue and thus the issue is waived.  When an appellant does not "obtain a ruling from the trial court" on a motion, "'there is no ruling for [this Court] to review' on appeal," and the "argument is waived under Rule 5A:18." *Williams v. Commonwealth*, 57 Va. App. 341, 347 (2010) (alternation in original) (quoting *Fisher v. Commonwealth*, 16 Va. App. 447, 454 (1993)).

Here, the record establishes that the trial court did not consider or rule on the motion to exclude evidence of Tinsley allegedly praying, largely because no evidence of such a recording was presented.  At the hearing, Tinsley stated that his "only evidence" was the "snippet of the police report" he had included in his motion.  That police report indicated that there was "one" recording that only captured sounds of "sexual intercourse."  The court explicitly ruled based only on what Tinsley had "filed," that is, the police report, emphasizing that it had not "heard the tape."  The court's ruling did not address any recording of Tinsley allegedly praying in his bedroom, and

---

[3] Although the constitutional expectation of privacy standard and statutory standard are "equivalent," *Wilks*, 217 Va. at 889, Tinsley insists they are different and presents argument only under what he perceives as the correct standard.  Consequently, he presents no argument under the constitutional expectation of privacy test.

Tinsley did not bring that circumstance to the court's attention or otherwise request a ruling on the issue. Thus, that issue is waived.[4]

Next, Tinsley argues that the court erred by denying his motion based on "its sua sponte argument that [he] shared a bedroom with his spouse." He contends that "the extent of how shared the bedroom was with his spouse was not in evidence" and that he "would have testified that, because of marital issues, his spouse often slept in a trailer." This argument is not reviewable because the court did not rule on it. As noted above, when an appellant does not "obtain a ruling from the trial court" on a motion, "'there is no ruling for [this Court] to review' on appeal," and the "argument is waived under Rule 5A:18." *Williams*, 57 Va. App. at 347 (alteration in original) (quoting *Fisher*, 16 Va. App. at 454).

Here, Tinsley did not argue that the evidence failed to demonstrate that he shared the bedroom with his wife until his "supplement" to the motion to exclude. The supplement did not request a ruling, but merely advised that he broached the issue "should either [the trial court or the Commonwealth] wish to take up [the matter] prior to the plea." Nothing in the record suggests that the court ruled on the supplement or considered the arguments it contained. Thus, the argument is not preserved, as there is nothing for us to review on appeal.

### CONCLUSION

For these reasons, we affirm the court's ruling.

*Affirmed.*

---

[4] In his opening brief, Tinsley does not mention the alleged recording of him praying in his bedroom, let alone present any argument that we should separately analyze that recording. Thus, the issue is also waived under Rule 5A:20(e).